**The STATE of Ohio, Appellee,**

v.

**CLEMENS, Appellant.**

[Cite as *State v. Clemens* (2001), 145 Ohio App.3d 299.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2000–L–093.

Decided Aug. 13, 2001.

---

*Charles E. Coulson,* Lake County Prosecuting Attorney, and *Amy E. Cheatham,* Assistant Prosecuting Attorney, for appellee.

*R. Paul LaPlante,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, for appellant.

NADER, Judge.

Appellant, Nicholas C. Clemens, appeals from the judgment of the Lake County Court of Common Pleas, which sentenced him to a term of one-year incarceration in the Lorain Correctional Institution.

On July 16, 1999, appellant was indicted by the Lake County Grand Jury on one count of forgery, in violation of R.C. 2913.31, a felony of the fifth degree. On September 21, 1999, appellant entered a written plea of guilty, which was subsequently accepted by the court. The trial court referred the matter to the Adult Probation Department for a presentence report and investigation.

On October 18, 1999, appellant was sentenced to one year of community control, subject to the general supervision and control of the Lake County Adult Probation Department and ordered to make restitution, pay all costs of prosecution, and pay any supervision fees permitted, pursuant to R.C. 2929.18(A)(4). Less than a month later, on November 12, 1999, the state of Ohio, appellee, filed a motion to terminate community control. This motion was based on appellant's testing positive for marijuana, on November 1, 1999. On January 14, 2000, appellant pleaded guilty to violating Rule No. 7 of the terms of his community control by testing positive for marijuana. On the same day, the court extended appellant's community control for a period of one year, for a total of two years, with conditions.

On May 11, 1999, appellee filed a second motion to terminate community control because appellant had again tested positive for marijuana. Appellant pleaded guilty to violating Rule No. 2 of his terms of community control by failing

to report to his probation officer and Rule No. 7 by testing positive for marijuana, on April 3, 2000. On May 17, 2000, the court accepted appellant's pleas and sentenced him to serve one year in Lorain Correctional Institution, with credit for seven days served, and ordered restitution to be paid. Later that day, a hearing was held on appellant's oral motion to reconsider his sentence. The trial court denied appellant's motion.

Appellant now appeals the trial court's May 17, 2000 judgment entry and raises the following as error:

"The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment for a felony of the fifth degree."

Appellant argues that the trial court erred by not sentencing appellant to the minimum prison term for a fifth degree felony, pursuant to R.C. 2929.14(B). Further, appellant asserts that the court erred in failing to set forth its reasons for not sentencing him to the minimum sentence, pursuant to R.C. 2929.19(B) and R.C. 2929.14(C). Appellee argues that even though the trial court did not expressly recite the verbiage contained in R.C. 2929.14(C), when sentencing appellant to the maximum, it is evident that the court complied with the statutory requirements.

In *State v. Edmonson,* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, the Supreme Court of Ohio determined that a trial court sentencing an offender to his first imprisonment must specify on the record that one or both of the reasons enumerated in R.C. 2929.14(B) justify the imposition of a sentence greater than the statutory minimum. *Id.* at 327, 715 N.E.2d at 134.

R.C. 2929.14(B) provides:

"[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."

In the instant case, prior to imposing the maximum sentence, the court stated the following:

"The court considered all the relevant factors, including the Defendant's prior juvenile record, he's got a juvenile record that is difficult for any juvenile to acquire unless he's really worked at it full time, including domestic violence, assault, criminal damaging; been in and out of juvenile court; has failed to consistently abide by any threats by any Court as to the consequences; has been continued on probation numerous times, and he's not fooling anybody any longer."

The judgment entry provides:

"The court having given the defendant the opportunity to speak before judgment and sentence was pronounced against him;

"IT IS THE ORDER OF THIS COURT that the defendant, Nicholas C. Clemens, be sentenced to serve one (1) year in the Lorain Institution * * *."

A review of the record in the instant case reveals no confirmation that the trial court considered imposing the minimum sentence and then departed from the statutorily mandated minimum based on one or more of the permitted reasons set forth in R.C. 2929.14(B). See, e.g., State v. South (June 23, 2000), Portage App. No. 98–P–0050, unreported, 2000 WL 816251. While one or more comments of the trial court arguably might support a finding that imposition of the minimum sentence would justify one of the reasons set forth in R.C. 2929.14(B), the trial court did not specify that its deviation from the statutory minimum sentence was because such a sentence would demean the seriousness of appellant's conduct or that the public would not be adequately protected from his future crime. Edmonson, 86 Ohio St.3d at 328, 715 N.E.2d at 134–135.

Thus, we conclude that the trial court failed to express a finding justifying its decision to impose a sentence longer than the mandated minimum sentence. Therefore, appellant's sentence must be vacated and this case remanded for resentencing.

In order to determine whether a trial court's sentencing decision meets the statutory requirements for imposing a maximum sentence, we must apply R.C 2929.14(C) and 2929.19(B)(2)(d). R.C. 2929.14(C) provides:

"[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."

Additionally, pursuant to R.C. 2929.19(B), a trial court must express its reasons for imposing a maximum sentence:

"(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: "* * *

"(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense * * *, its reasons for imposing the maximum prison term[.]"

In State v. Hunt (July 7, 2000), Ashtabula App. No. 99–A–0033, unreported, 2000 WL 915104, at * 4, we stated:

"[A]lthough the trial judge did not expressly reiterate the language of the four factors in sentencing appellant to the maximum penalty, the mandates of R.C. 2929.14(C) have been complied with by virtue of the fact that it is evident that appellant was being sentenced to the maximum penalty due to his great threat of recidivism. Moreover, the trial judge's deliberation of appellant's prior convictions, failure to respond well to probation and community control, and problems with drugs or alcohol provide sufficient operative facts indicating that it considered the statutory factors in its analysis, as required by [*State v.*] *Rone* [ (Dec. 4, 1998), Ashtabula App. No. 98–A–0001, unreported, 1998 WL 964297], *Edmonson*, and [*State v.*] *Pratt* [ (Sept. 25, 1998), Lake App. No. 97–L–208, unreported, 1998 WL 684259]."

In the instant case, the trial court did not state that appellant was among those offenders who pose the greatest likelihood of committing future crimes. The trial court stated that it considered that appellant had a juvenile record, including domestic violence, assault, and criminal damaging, had failed to abide by the threats of any court, and had been continued on probation numerous times. Thus, we conclude that the trial court reasonably complied with the mandates of R.C. 2929.14(C). Further, the trial court's findings regarding appellant's past criminal history comport with the requirement that the trial court make a finding that gives its reasons for the sentence imposed under R.C. 2929.19(B)(2)(d). Thus, the trial court did not comply with the mandates of R.C. 2929.14(B). Despite this, the sentence must be vacated due to the court's failure to comply with the statutory mandates of R.C. 2929.14(B). Upon remand, we caution the trial court to comply with the statutory mandates of R.C. 2929.14(B), 2929.14(C), and 2929.19(B)(2)(d) during resentencing.

Based on the forgoing analysis, appellant's sentence is vacated, the judgment is reversed, and the cause is remanded for resentencing in light of the statutory mandates.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and CHRISTLEY, J., concur.